Con. G. Cholakis, J.
The defendant, as part of an omnibus motion, has moved that the fifth count of R-4903 which accuses him of forgery in the second degree be dismissed.
It appears that following the defendant’s arrest for driving while intoxicated and driving without a license he falsely identified himself to the arresting authorities as one Kenneth Riley and signed a fingerprint card with the same fictitious name. Following his release from custody, the defendant’s true identity was learned and he was thereafter arrested and indicted for the crime of forgery in the second degree in violation of subdivision 2 of section 170.10 of the Penal Law, which reads as follows:
"A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or represent if completed * * *
"2. A public record, or an instrument filed or required or authorized by law to be filed in or with a public office or public servant”.
*784 The defendant argues that a fingerprint card is not a "written instrument”. Subdivision 1 of section 170.00 of the Penal Law defines that term as follows: "1. 'Written instrument’ means any instrument or article containing written or printed matter or the equivalent thereof, used for the purpose of reciting, embodying, conveying or recording information, or constituting a symbol or evidence of value, right, privilege or identification, which is capable of being used to the advantage or disadvantage of some person.”
Relying upon the case of People v Brown (84 Misc 2d 267), the defendant argues that a fingerprint card bearing a fictitious name cannot be used to the advantage or disadvantage of some person. In Brown (supra), the court dismissed a charge of forgery in the second degree involving the use of a fictitious name on a fingerprint card. The court reasoned that the value of the fingerprint card depends not upon the name, be it real or fictitious, but upon an analysis of the fingerprints and therefore concluded that the defendant could not possess the capability of using the card, signed with a fictitious name to his own advantage or to the disadvantage of the police department.
This court does not reach the same conclusion. Where, as it is alleged herein, the defendant is arrested and gives a fictitious name, by signing the fingerprint card with the same name, he uses the card to his advantage to continue to perpetrate his scheme to conceal his true identity and possibly to hide a criminal record. The defendant’s actions, in view of the fact that it may take weeks for the police department to discover from the fingerprint records that the defendant has given a fictitious name, can result in the defendant’s release on either his own recognizance or on low bail when in fact, if his true identity were known, it might be discovered he is a predicate felon, a fugitive from justice or any other aggravating number of factors which would result in his detention or which would elevate the crime charged to a more serious offense.
Moreover it is conceivable that the following fact pattern could occur which would be of an advantage to a defendant and to the disadvantage of the police department. The defendant upon arrest, signs the fingerprint card with a fictitious name. The case is concluded without the true identity of the defendant being discovered. Thereafter, the police investigating a subsequent crime discover the defendant’s fingerprints. *785 While these fingerprints could be matched with those on the suspect’s fingerprint card, the police would still not know the true identity of the criminal which would impede their efforts to apprehend the suspect.
Since the defendant can possess the capability of using the fingerprint card, signed with a fictitious name, either to his own advantage or to the disadvantage of the police department, the fingerprint card is clearly a written instrument which falls within the definition set forth above. The defendant’s motion is therefore denied.