■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD J. BIGUS, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Snellenburg, J.), rendered November 5, 1982, convicting him of forgery in the second degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

Defendant freely admits that, upon his arrest on an unrelated charge, he signed a police fingerprint card in his brother's name instead of his own. Nonetheless, he argued throughout the trial and on this appeal that a fingerprint card does not constitute a "written instrument" for purposes of the forgery statute. We do not agree. Penal Law § 170.00 (1) defines the term "written instrument" as follows: " 'Written instrument' means any instrument or article containing written or printed matter or the equivalent thereof, used for the purpose of reciting, embodying, conveying or recording information, or constituting a symbol or evidence of value, right, privilege or identification, which is capable of being used to the advantage or disadvantage of some person".

Defendant maintains that a fingerprint card, even if signed in another's name, is not "capable of being used to the advantage or disadvantage of some person". This contention is without merit, for it ignores the very real advantage gained by a criminal suspect who, in signing a name other than his own, is thereby able to conceal from the authorities, at least temporarily, his true identity and any criminal history which he might have. As other courts have observed, such an intentional deception could lead the authorities to reasonably (albeit incorrectly) conclude that the suspect has no criminal record, and there might be a release on the suspect's own recognizance or upon greatly reduced bail *(People v Pergolizzi,* 92 Misc 2d 528; *People v St. Pierre,* 91 Misc 2d 783).

Defendant further argues that the introduction of the fingerprint card signature into evidence violated his 5th Amendment privilege against self-incrimination. We note at the outset that this issue is raised for the first time on appeal and, therefore, has not been properly preserved for review *(see,*

*People v Booker,* 49 NY2d 989; *People v Tutt,* 38 NY2d 1011). In any event, this contention is unpersuasive, for there is no evidence in the present case that defendant was compelled to do anything. Moreover, it has been held repeatedly that the taking of a suspect's fingerprints or writing sample for identification purposes is not barred by the 5th Amendment privilege against self-incrimination *(see, United States v Wade,* 388 US 218; *Schmerber v California,* 384 US 757). As the Court of Appeals has stated, "The police are certainly entitled to make a reasonable inquiry as to the identity of the person they have taken into custody without the necessity of formal warnings" *(People v Rivera,* 26 NY2d 304, 309). We, therefore, find that the taking of defendant's signature on the fingerprint card was not compelled self-incrimination.

We also reject defendant's claim that the sentence he received was harsh and excessive. In light of defendant's criminal history and the recommendation of the probation report, it cannot be said that the court's exercise of discretion was inappropriate.

Finally, as noted previously, the principal issue raised by defendant is that the fingerprint card was not a "written instrument" within the meaning of Penal Law § 170.00 (1). Defendant does not address the further issue of whether the fingerprint card was falsely made or falsely completed so as to constitute a forgery *(see,* Penal Law § 170.00 [4], [5]; *see also, People v Briggins,* 50 NY2d 302). Although the latter issue is addressed by our dissenting colleague *(see, People v Kirk,* 115 AD2d 758), it is, in our view, beyond the proper scope of this appeal. Lazer, J. P., Bracken and O'Connor, JJ., concur.

Brown, J. dissents and votes to reverse the judgment and to dismiss the indictment for the reasons stated in my dissenting memorandum in *People v Kirk* (115 AD2d 758, 759).