■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN J. HENNESSY, Respondent.—Appeal by the People from an order of the County Court, Suffolk County (Tisch, J.), dated November 2, 1984, which granted the defendant's motion to dismiss the indictment charging him with forgery in the second degree.

Ordered that the order is reversed, on the law, the indictment is reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings.

The defendant was indicted for the crime of forgery in the second degree after the Suffolk County Grand Jury heard evidence that he had signed a false name to police fingerprint cards subsequent to his arrest on an unrelated charge. The County Court granted the defendant's motion to dismiss the indictment on the ground of legal insufficiency, reasoning that the defendant's use of a name other than his own could not sustain a finding that he had "falsely made" the written instrument within the meaning of the forgery statute (see, Penal Law § 170.10 [2]). We disagree. "A person 'falsely makes' a written instrument when he makes or draws a * * * written instrument * * * which purports to be an authentic creation of its ostensible maker or drawer, but which is not * * * because the ostensible maker or drawer is fictitious" (Penal Law § 170.00 [4]). As stated by the Court of Appeals in *People v Briggins* (50 NY2d 302, 307), "[w]hile generally it is not illegal per se to adopt an alias or a *nom de plume,* freedom to do so reaches its limits when the practice is accompanied by a fraudulent design". In the instant case, as well as in the companion cases of *People v Morris* (133 AD2d 179 [decided herewith]) and *People v Mason* (133 AD2d 179 [decided herewith]), the People have presented prima facie proof that the defendant, acting with fraudulent intent, attempted through the use of a false name to immediately deceive the police as to his true identity and to thereafter have his fingerprints recorded in the other name so as to permanently deceive all law

enforcement authorities into believing that the prints belonged to someone other than him. Hence, there is sufficient evidence to sustain the indictment *(see generally, People v Deegan,* 69 NY2d 976).

The cases of *People v Briggins (supra)* and *People v Johnson* (96 AD2d 1083, *affd* 63 NY2d 888, *rearg denied* 64 NY2d 647), are inapposite here, as the requisite element of fraudulent intent was absent in those cases. Similarly, the "falsely made" analysis in *People v Briggins (supra)* is unavailing. That precise analysis was previously set forth in exhaustive detail in two forgery prosecutions involving facts virtually identical to those at bar *(see, People v Kirk,* 115 AD2d 758, 759 [Brown, J., dissenting], *affd* 68 NY2d 722; *People v Bigus,* 115 AD2d 751, 752 [Brown, J., dissenting], *affd* 68 NY2d 723). In each of these cases, the Court of Appeals clearly found the analysis unpersuasive due to the presence of fraudulent intent in the signing of the fingerprint cards *(see, People v Kirk,* 68 NY2d 722, *supra; People v Bigus,* 68 NY2d 723, *supra).* Hence, a similar result is dictated in the present case. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.