■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KATRINA MOORE, Respondent.—Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: County Court erred in finding that the evidence before the Grand Jury was legally insufficient to establish the offense of forgery in the second degree. The Grand Jury may indict when the People present evidence establishing a prima facie case and that there is reasonable cause to believe that the accused committed the crime to be charged *(see,* CPL 190.65 [1]; *People v Jennings,* 69 NY2d 103; *see also, People v Forde,* 153 AD2d 466). Furthermore, on a motion to dismiss an indictment under CPL 210.20 (1) (b), the court's inquiry is limited to the legal sufficiency of the evidence *(see, People v Jennings, supra).* Sufficiency is determined by inquiring whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury *(see, People v Pelchat,* 62 NY2d 97, 105).

Here, the evidence before the Grand Jury was that, upon her arrest in June 1989, defendant told the police that her real name was Katrina Moore. Her statement was corroborated by the testimony of a fingerprint expert that the fingerprints taken from Audrey Moore on March 28, 1989 and the fingerprints taken from Katrina Moore in June 1989 were from the same person. We find that evidence legally sufficient to allow the Grand Jury to indict defendant for forgery in the second degree *(see,* Penal Law § 170.10 [2]; *People v Hennessy,* 133 AD2d 174, 174-175; *People v Kirk,* 115 AD2d 758, 758-759, *affd* 68 NY2d 722; *People v Bigus,* 115 AD2d 751, *affd* 68 NY2d 723). (Appeal from Order of Monroe County Court, Maloy, J.—Dismiss Indictment.) Present—Dillon, P. J., Denman, Balio, Lawton and Lowery, JJ.