■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD MOONEY, Respondent.—Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Monroe County Court, for further proceedings on the indictment. Memorandum: The proof before the Grand Jury was sufficient to establish a prima facie case against defendant of forgery in the second degree by signing a false name to a fingerprint card (see, People v Moore, 171 AD2d 1051; People v Hennessy, 133 AD2d 174; People v Kirk, 115 AD2d 758, affd 68 NY2d 722; People v Bigus, 115 AD2d 751, affd 68 NY2d 723). The evidence was sufficient to raise the inference that the name defendant signed was not defendant's real name but was fictitious. (Appeal from Order of Monroe County Court, Maloy, J.—Forgery, 2nd Degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY E. ALNUTT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant argues on appeal that the Trial Judge committed reversible error in refusing to recuse himself on the ground that he was a former District Attorney who had previously prosecuted defendant on a felony charge of which defendant had been acquitted. In the absence of violation of Judiciary Law § 14 or a showing that the court's alleged bias affected the result in this jury trial, the issue of recusal was a matter left to the Trial Judge's own conscience (see, People v Moreno, 70 NY2d 403, 406; People v Bartolomeo, 126 AD2d 375, 391, lv denied 70 NY2d 702; see also, People v Gallagher, 158 AD2d 469, lv denied 76 NY2d 735).

We have examined defendant's remaining arguments on appeal and find them to be without merit. (Appeal from Judgment of Oswego County Court, Auser, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.