■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH P. LEIGH, Also Known as JA, Appellant. [649 NYS2d 503] —Mikoll, J. P. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered April 6, 1994, upon a verdict convicting defendant of five counts of the crime of criminal sale of a controlled substance in the third degree.

By two separate indictments dated July 16, 1993, defendant

---

was indicted on six counts of the crime of criminal sale of a controlled substance in the third degree. Defendant was charged in the first indictment with sale of cocaine on December 28, 1992 and, in the second, with cocaine sales on December 22, 1992, December 23, 1992, December 30, 1992, January 1, 1993 and January 4, 1993—all in the City of Rensselaer, Rensselaer County. The indictments were consolidated for trial. Defendant was found guilty on each count of the second indictment and not guilty as to the sole count in the first indictment, the December 28, 1992 buy.

The evidence addressed at trial consisted of testimony of a paid police informant, Nadine Sheldon, who purchased the cocaine on each of the occasions while wearing a body transmitter monitored by the police. In setting up the buys, Sheldon was directed by the police to call a certain beeper number. The call would be returned and she was instructed as to where to go to buy the narcotics. Before and after each buy, she was strip-searched. The police observed her during the buys. Police witnesses identified defendant as the one who sold Sheldon the cocaine and received payment for it. The only exception was the December 28, 1992 purchase, wherein John Vadikan took payment and of which defendant was found not guilty.

On this appeal defendant challenges the imposition of consecutive sentences for each of his five convictions as an abuse of discretion by County Court, urging that the court's determination was based on erroneous facts not supported in the record. We disagree. Sentencing is a matter within the sound discretion of the trial court. A sentence will not be reduced absent an abuse of the trial court's discretion or extraordinary circumstances (*see, People v Tinning*, 142 AD2d 402, 408-409, *lv denied* 73 NY2d 1022). Defendant's probation record reflects that defendant has a long and substantial history for assaultive and violent behavior dating back to 1986. County Court correctly commented at sentencing on defendant's criminal history, including incarcerations in local jails as well as a stay in State prison. To be noted, defendant was out on parole, after violating his probation, when the five drug sales involved herein occurred. Under such circumstances, we cannot say that the court exceeded its discretion in imposing consecutive sentences on this recalcitrant defendant.

We are unimpressed as well with defendant's citation of mitigating factors as grounds to reduce the sentences. None of these equate to extraordinary circumstances which would warrant our interjection into the sentencing process. We note that in imposing a sentence of 9 to 45 years, County Court exceeded

the statutory limit set by Penal Law § 70.30 (1) (e) (i). The sentence imposed, however, will be recalculated administratively by the Department of Correctional Services to 30 years (*see, People v Moore*, 61 NY2d 575, 578) and does not require our vacating the sentence as illegal.

Defendant alleges that a reversal of the judgment in the interest of justice is justified because County Court should have *sua sponte* instructed the jury on the agency defense. We disagree. This matter was not preserved for appellate review, as conceded by defendant, and is therefore not appealable and must be rejected on those grounds. Defendant requests that we reach the issue in the interest of justice.* We find that the instruction of an agency defense was not warranted by the testimony in the record. Defendant's trial stratagem was that poor audio tapes, lack of credibility of the paid informant, police bias and poor surveillance by the police failed to establish his guilt beyond a reasonable doubt. The agency defense was thus inconsistent with his defense strategy and was not warranted under the circumstances. Further, the record indicates overwhelming proof of guilt. The interest of justice would not, as a consequence, be served by a reversal (*see, People v Musolino*, 54 AD2d 22, 26, *cert denied* 430 US 935).

Finally, defendant contends that he was deprived of his right to a fair trial by ineffective assistance of counsel in that his counsel failed to raise the affirmative defense of entrapment, the agency defense as to all six counts and permitted the impermissible bolstering of Sheldon's credibility.

The record discloses that trial counsel raised a vigorous defense resulting in defendant's acquittal on one of the counts. He focused on the weakness of the People's case and argued, as to some of the counts, that defendant was not involved in the transactions or crimes at all. We deem his decision not to seek the agency and entrapment defenses not a flaw but rather as a viable trial stratagem. Reliance on such defenses would have required a concession that defendant was either an agent or the actual drug seller duped into drug sales by the government's enticement. Though the defense strategy did not prevail, we do not consider such outcome to reflect adversely on the quality of defense counsel's service and find it to have been meaningful (*see, People v Baldi*, 54 NY2d 137, 147).

We also reject defendant's contention of improper bolstering

---

* It should be noted that defense counsel did request the agency defense in regard to the count stemming from the alleged transaction dated December 28, 1992. County Court rejected the request to charge the jury with the agency defense. Defendant was nevertheless acquitted of that charge.

of Sheldon by the District Attorney. Defendant's contention that defense counsel's failure to object caused irreparable damage to his defense is rejected.

Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.