■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THOMAS, Appellant. [712 NYS2d 640] —Mugglin, J. Appeal from a judgment of the County Court of Rensselaer County (Sheridan, J.), rendered March 6, 1998, upon a verdict convicting defendant of the crimes of assault in the second degree and forgery in the second degree.

On May 6, 1997, defendant traveled to the City of Troy, Rensselaer County, in the company of others for the purpose of retrieving his two-year-old child from Bernice Thornton, who had been caring for the child for a period of time. Upon arriving at the residence, the child's mother, alone, entered the Thornton residence to obtain the child. When the mother left the house, she was followed by Thornton and at least five other people. At the car, a confrontation occurred between Thornton, defendant and several others. During this melee, a friend of defendant retrieved a metal bat from the trunk of the car and gave it to defendant, who used it to strike Corinn Thornton (hereinafter the victim) resulting in a head wound which required 20 stitches to close. Subsequently, defendant was apprehended by the State Police and held at a substation in Albany County to await arrival of members of the Troy Police Department. A Troy Police Sergeant gave defendant the *Miranda* warnings and defendant refused to sign a written waiver of his rights. Nevertheless, defendant spoke to the police officer indicating that he never struck the victim with a bat. Upon arrest and return to the Troy Police Department, defendant was fingerprinted. He signed the fingerprint card with the name "David Thomaspon."

Defendant was charged in a four-count indictment with one count of assault in the second degree, two counts of forgery in the second degree and one count of offering a false instrument for filing in the first degree. Defendant was convicted of assault in the second degree and one count of forgery in the second degree. As a second felony offender, defendant was sentenced to a definite prison term of 5 years on the conviction of assault in the second degree and an indeterminate prison term of 2 to 4 years on the conviction for forgery in the second degree, to be served concurrently. Defendant appeals arguing that the

weight and sufficiency of the evidence do not support the convictions, that County Court erred when it failed to grant defendant's motion to suppress the oral statement made to the police, and that the sentence is harsh and excessive.

We affirm. Initially, we note that defendant was fully apprised of his constitutional rights by the police and that he knowingly and intelligently waived such rights (*see, People v Ross*, 158 AD2d 560, 560-561, *lv denied* 76 NY2d 795). Although defendant refused to sign the written waiver, he thereafter voluntarily spoke to the police officer concerning his involvement in the victim's assault. Contrary to defendant's present contention, his refusal to sign the written waiver does not mandate suppression of his oral statement (*see, People v Ridgeway*, 101 AD2d 555, *affd* 64 NY2d 952). There is no dispute that after refusing to sign the written waiver document following the administration of his constitutional rights, defendant orally agreed to speak with the police and thereafter gave a statement. Additionally, we note that defendant did not contest the assertions of the police in this regard. He did not testify at the suppression hearing, and although he testified at trial his testimony did not encompass this issue. The record offers no basis upon which to conclude that defendant's statement to the police was anything but voluntary after a knowing, voluntary and intelligent waiver of his constitutional rights.

Defendant's contention with respect to the legal sufficiency of the evidence supporting the convictions is equally unavailing. The record reveals no less than seven witnesses who testified that they observed defendant strike the victim with the bat, thereby causing injury to her head. Although defendant testified on his own behalf and denied ever having the bat or striking the victim, it is the jury's function to assess the credibility of the witnesses and to determine which evidence and testimony they will accept and which they will reject (*see, People v Rose*, 215 AD2d 875, 876, *lvs denied* 86 NY2d 793, 801). Viewing the evidence in a light most favorable to the prosecution and making our own independent determination of the probative value of the testimony, we conclude that each of the crimes of which defendant was convicted was established beyond a reasonable doubt (*see, People v Bleakley*, 69 NY2d 490, 495).

With respect to the conviction for forgery in the second degree, it is well settled that signing a fingerprint card with a false name establishes the necessary elements of forgery in the second degree (*see, People v Van Schoick*, 198 AD2d 907, *lv denied* 83 NY2d 811; *People v Moore*, 171 AD2d 1051, *lv denied*

77 NY2d 998; *People v Johnson*, 168 AD2d 700, *lv denied* 78 NY2d 923). In arriving at a verdict of guilty on this count, the jury was free to reject, as it did, defendant's claim that he signed the wrong name as a result of being under the influence of marihuana.

To resolve defendant's argument that the verdict was against the weight of the evidence, we have viewed the evidence in a neutral light and conclude, on this record, that a different finding would have been unreasonable (*see, People v Bleakley, supra,* at 495; *People v Jefferson*, 248 AD2d 815, *lv denied* 92 NY2d 926). The verdict is not against the weight of the evidence.

Finally, we reject defendant's contention that the sentence imposed was excessive. Given the background of defendant, we find the sentence imposed to be an appropriate exercise of County Court's discretion (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872; *People v Leigh*, 232 AD2d 904, 905, *lv denied* 89 NY2d 1036, 1037).

Crew III, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.