■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v POLLY SMITH, Appellant. [730 NYS2d 893] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her after a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]) and reckless driving (Vehicle and Traffic Law § 1212). County Court did not abuse its discretion in denying defendant's request for youthful offender status. The determination whether to grant youthful offender status rests within the sound discretion of the court and "depends upon all the attending facts and circumstances of the case" (*People v Ortega,* 114 AD2d 912, *lv denied* 67 NY2d 887; *see also, People v Pappas,* 198 AD2d 918, *lv denied* 82 NY2d 928). Here, defendant had a history of violent behavior toward the victim, and thus it cannot be said that the court abused its

discretion in denying defendant's request for youthful offender status.

Further, the court properly limited defense counsel's impeachment of a prosecution witness (*see generally, People v Victory*, 33 NY2d 75, 88-89, *cert denied* 416 US 905). Defendant failed to preserve for our review her further contention that the court erred in allowing the prosecutor to examine defendant's boyfriend as a hostile witness (*see,* CPL 470.05 [2]). Defense counsel made no objection to the court's ruling allowing the examination, and thus "counsel's silence at a time when any error by the court could have been obviated by timely objection renders the claim unpreserved" (*People v Starling*, 85 NY2d 509, 516). Defense counsel's objection to leading questions well into the examination is not sufficient to preserve defendant's contention for our review (*see, People v Starling, supra,* at 516). In any event, the contention lacks merit. Where, as here, the witness responds to questions in an evasive manner, it is within the court's discretion to designate him a hostile witness (*see, People v Davis*, 163 AD2d 826, 826-827, *lv denied* 76 NY2d 939; *see also, People v Rozanski*, 209 AD2d 1018, 1018-1019, *lv denied* 84 NY2d 1038). We conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Wayne County Court, Kehoe, J.—Manslaughter, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Burns and Lawton, JJ.