■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY THOMAS, Appellant. [752 NYS2d 482] —Appeal from a judgment of Erie County Court (Drury, J.), entered January 31, 2001, convicting defendant after a jury trial of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [2]). Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (*see People v Bleakley*, 69 NY2d 490, 495). Specifically, the testimony of the victim that he had passed a group of teenagers, one of whom was holding a stick, that he heard a whipping sound in the air and was struck immediately thereafter, and that he then turned around and saw defendant in proximity to him with a stick in his hand supports the inference that defendant struck the victim (*see People v Owens*, 161 AD2d 1167, *lv denied* 76 NY2d 942). In addition, the testimony of a doctor establishes that the fracture of the victim's jaw was caused by the blow to the victim's face. The testimony of the victim and the doctor therefore establishes that defendant suffered a "[p]hysical injury" as defined in Penal Law § 10.00 (9). Moreover, we conclude that it does not "appear[ ] that the trier of fact has failed to give the evidence the weight it should be accorded" (*Bleakley*, 69 NY2d at 495).

Contrary to defendant's further contention, County Court did not err in allowing the People to present an excerpt of defendant's grand jury testimony as part of the People's direct case in establishing that defendant's alibi was false. Party admissions constitute an exception to the hearsay rule (*see People v Swart*, 273 AD2d 503, 505, *lv denied* 95 NY2d 908; Prince, Richardson on Evidence §§ 8-201, 8-203 [Farrell 11th ed]), and evidence that defendant has given a false alibi before the grand jury "constitutes an implied admission of guilt" (*People v Koestler*, 176 AD2d 1207, 1208; *see People v Conroy*, 97 NY 62, 80; *see also People v Leyra*, 1 NY2d 199, 208). Moreover, "defendant's waiver of immunity before his appearance in the Grand Jury contemplated the utilization of his testimony in any later proceeding in which it became material" (*People v Singleton*, 138 AD2d 544, 545, *lv denied* 71 NY2d 1033).

We reject defendant's contention that the court erred in denying defendant's request for a missing witness charge concerning a man who was present during the incident. Defendant did not meet his burden of establishing that the missing witness would testify favorably for the People (*see People v Panzardi*, 213 AD2d 1067, *lv denied* 85 NY2d 978; *see also People v Macana*, 84 NY2d 173, 177-178). We also reject the contention of defendant that the court abused its discretion in denying him youthful offender status (*see* CPL 720.20 [1] [a]; *People v Smith*, 286 AD2d 878, *lv denied* 98 NY2d 641). Finally, the sentence is neither unduly harsh nor severe. Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.