Dwayne L. BETHUNE, Petitioner,

v.

SUPERINTENDENT, BARE HILL CORRECTIONAL FACILITY, John H. Sabourin, and Commissioner of Dept. of Corr. Services Glenn S. Goord, Respondents.

No. 01–CV–6083L.

United States District Court, W.D. New York.

Jan. 20, 2004.

Dwayne L. Bethune, pro se, Ogdensburg, NY, for Plaintiff.

Darren Longo, Buffalo, NY, Gary M. Levine, New York State Office of the Attorney General, Rochester, NY, for Defendant.

## DECISION AND ORDER

LARIMER, District Judge.

## INTRODUCTION

Petitioner Dwayne L. Bethune ("Bethune"), filed this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Ontario County Court, New York. For the reasons set forth below, Bethune's § 2254 petition is dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

During the week of April 15, 1995, Bethune stole a Chevrolet Cavalier from an Albany rental car company and drove to the town of Geneva in Ontario County to visit his girlfriend. Bethune abandoned the Cavalier and stole another car, a Chevrolet Z28 Camaro, from a Geneva automobile dealer. He also burglarized the dealer's office and stole a cell phone, computer equipment, and other items.

Bethune telephoned the car dealership the next day and, calling himself a "Good Samaritan," informed the owner that he had discovered some of his property and offered to return it to him in a grocery store parking lot in Geneva. Accompanied by a sheriff's deputy, the owner met Bethune at the agreed-upon location. When Bethune displayed of the stolen property, he was arrested. Bethune was searched incident to arrest, and the keys to the stolen Cavalier were found in his pocket. At the police station, a Sheriff's investigator conducted a tape-recorded interview with Bethune in which he gave numerous, constantly changing explanations of how he happened to come by the stolen items, *e.g.*, that he had found the property at a basketball court in Geneva and wanted to return it to its rightful owner. This tape recording eventually was played for the jury at trial. Bethune was indicted on charges of criminal possession of stolen property, burglary, and larceny. He was convicted on all counts and sentenced as a predicate felon to an aggregate term of 8 to 16 years.

Represented by counsel, Bethune appealed to the Appellate Division, Fourth Department. He also filed a supplemental *pro se* brief and supporting papers. The Fourth Department affirmed his conviction, and leave to appeal was denied. This federal habeas corpus petition followed.

## DISCUSSION

### *Timeliness*

Respondent challenges Bethune's petition as untimely. For the reasons set forth below, I agree that Bethune's petition was not timely filed.

The Anti–Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on petitioners seeking to challenge their convictions in federal court. In most cases, including this one, the one-year period runs from the date the state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The state conviction becomes final for AEDPA purposes when the petitioner's time to seek direct review in the United States Supreme Court by writ of *certiorari* expires. *Williams v. Artuz,* 237 F.3d 147, 151 (2d Cir.2001). In the instant case, that period expired 90 days after the New York Court of Appeals denied leave to appeal. *Pratt v. Greiner,* 306 F.3d 1190, 1195 n. 1 (2d Cir.2002). Therefore, Bethune's judgment of conviction became final on February 18, 1999, 90 days from the November 20, 1998,

denial of leave to appeal the Appellate Division's affirmance of Bethune's conviction. Bethune's one-year limitations period thus would have expired on February 18, 2000.

Properly filed applications for state post-conviction relief toll the limitations period, but only so long as they remain pending. *See* 28 U.S.C. § 2244(d)(2). Bethune filed a petition for a writ of habeas corpus in state court pursuant to C.P.L.R. Article 70 on June 24, 1999. It was denied by the Franklin County Supreme Court on October 15, 1999. The statute of limitations was tolled for 114 days while this state habeas petition was pending.

■ Bethune then sought a writ of error *coram nobis* on December 8, 1999, which was denied by the Appellate Division on February 16, 2000. This tolled the limitations period for an additional 71 days. At the time Bethune's *coram nobis* application was in state court, New York's procedural rules provided that the Court of Appeals could not review a denial by the Appellate Division of such an application. Thus, the tolling period ended with the Appellate Division's denial, even if Bethune were to file an application for leave to appeal in the Court of Appeals. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 70 (2d Cir.2001).

Bethune next collaterally attacked his conviction through a C.P.L. § 440.10 motion in Ontario County Court on September 6, 2000, which was denied on November 20, 2000. With respect to a C.P.L. § 440.10 motion, the limitations period is tolled from the time it is filed in the trial court until the Appellate Division decides the motion or denies an application for leave to appeal from the denial of the motion. A denial by the Appellate Division of a C.P.L. § 440.10 motion is not reviewable by the Court of Appeals, *see* C.P.L. § 450.90, so the tolling period ended after 76 days with the Appellate Division's denial.

Bethune claims in his reply brief that he sought leave to appeal the decision within the 30 day period prescribed by C.P.L. § 460.10(4). He has attached no notice of appeal to his federal habeas papers to substantiate this claim, however. Four months after allegedly seeking leave to appeal to the Fourth Department, Bethune claims that he received a letter from the court clerk, *see* Dkt. # 18, Ex. F, stating that he "could not appeal the decision because it had been filed April 28, 2000. No order was ever entered." This chronology simply does not make sense since Bethune's C.P.L. § 440.10 motion could not have been denied *before* it was filed on September 6, 2000. It is not clear to this Court which order Bethune was seeking an extension of time to appeal by means of the C.P.L. § 460.30 motion referred to in the Appellate Division clerk's letter. Bethune does not claim that he had any other motions pending in state court apart from those discussed herein.

In any event, this letter could not have been referring to Bethune's September 6, 2000, C.P.L. § 440.10 motion. Despite Bethune's assertion to the contrary, he did receive a copy of the November 20, 2000, order denying that motion—he has attached a copy of it to his reply brief. *See* Dkt. # 18, Ex. E. Bethune had thirty (30) days after service upon him of a copy of this order to appeal the denial of the C.P.L. § 440.10 motion. That time period, which ended December 20, 2000, has long since expired.

Bethune filed his federal habeas petition on February 15, 2001, or 363 days after the statute of limitations expired on February 18, 2000. Aggregating the tolling periods provided by the filing of Bethune's three state court motions (the C.P.L.R.

Article 70 habeas corpus petition, the application for a writ of error *coram nobis*, and the C.P.L. § 440.10 motion), Bethune gained the benefit of 261 days of tolling. Therefore, to be timely, Bethune would have had to file his petition by November 5, 2000 (261 days from February 18, 2000). As it stands, Bethune's petition, filed February 15, 2001, is 102 days too late. Bethune's petition therefore is dismissed as untimely.

### Merits

■ Were I to review Bethune's petition on the merits, I would not grant habeas relief. Bethune's first claim asserts that his appellate counsel was ineffective in failing to argue that Bethune's grand jury testimony was erroneously used by the prosecutor at trial. As respondent points out, there was no error under New York state law or federal law in introducing Bethune's grand jury testimony because a party's admissions constitute an exception to the hearsay rule. *See, e.g., People v. Thomas,* 300 A.D.2d 1034, 1035, 752 N.Y.S.2d 482 (4th Dept.2002). Moreover, Bethune's waiver of immunity before his appearance in the grand jury contemplated the utilization of his testimony in any later proceeding in which it became material. *Id.*

Bethune's second claim is that appellate counsel failed to correct a mistake in his brief. At one point, counsel stated that "[i]t will be noted later that the defendant was never charged with possession of any of the property identified in the parking lot[.]" Bethune claims that counsel's failure to "note later" that at the time of his arrest he was not formally charged with criminal possession of stolen property is a constitutional violation entitling him to habeas relief. There is no support in either law or common sense for such an assertion. It is inconceivable that this alleged "omission" had any bearing whatsoever on the Appellate Division's consideration of his claims on direct appeal.

■ For his third claim, Bethune asserts that appellate counsel failed to argue an alleged claim under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), based on the People's failure to produce photographs of blood on the stolen computer. At trial, one of the officers testified that Bethune had a cut on his finger. Bethune claims, without any support, that this evidence was false. Clearly, photographs of a blood-stained computer, in conjunction with testimony that Bethune had a cut on his finger, is not favorable evidence. Thus, there is no violation under *Brady* because the allegedly withheld evidence was neither exculpatory nor of value as impeachment material. Appellate counsel was not ineffective in failing to raise this meritless claim.

■ Bethune also styles his *Brady* claim as a violation of *People v. Rosario,* 9 N.Y.2d 286, 290, 213 N.Y.S.2d 448, 173 N.E.2d 881 (1961). Unlike a *Brady* claim, however, a *Rosario* claim is solely a New York state law right and is not cognizable on habeas review. *Lyon v. Senkowski,* 109 F.Supp.2d 125, 139 (W.D.N.Y.2000); *see also Copes v. Schriver,* 1997 WL 659096, at *4 (S.D.N.Y. Oct.22, 1997) (*Rosario* violation does not establish a constitutional violation).

■ Bethune's fourth claim, that his appellate counsel was ineffective in failing to argue on direct appeal that perjured testimony was introduced before the grand jury, similarly is not cognizable on habeas review. A jury conviction transforms any deficiencies in the grand jury proceedings into harmless error, because the trial conviction establishes probable cause to indict and also proof of guilt beyond a reasonable doubt. *United States v. Mechanik,* 475 U.S. 66, 68, 106 S.Ct. 938, 89 L.Ed.2d 50

(1986); *accord, e.g., Lopez v. Riley,* 865 F.2d 30, 33 (2d Cir.1989).

 Lastly, Bethune's claim that the trial court unlawfully imposed consecutive sentences[1] is not cognizable on federal habeas review because the sentences fall well within the permissible statutory range. *See White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992). Concurrent sentences are mandated in New York only if two or more offenses are committed (1) "through a single act or omission," or (2) "through an act or omission which in itself constituted one of the offenses and also was a material element of the other." New York Penal Law § 70.25(2). The counts on which he was sentenced consecutively, *see* note 1, *supra,* arose out of separate and distinct criminal acts. Therefore, there was no violation of constitutional law.

## CONCLUSION

For the reasons stated above, Dwayne Bethune's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Bethune has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253. Further, I certify that any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a); *Coppedge v. United States,* 369 U.S. 438, 444, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

IT IS SO ORDERED.

---

1.  Bethune was sentenced as follows: 2½ to 5 years on Count One (criminal possession of the Cavalier); 3 to 6 years on Count Two (third degree burglary); 2½ to 5 years on Count Three (grand larceny of the Camaro); 2½ to 5 years on Count Four (criminal possession of the Camaro); and unconditional discharge on Count Five (possession of the items stolen from the office). The state court directed that Counts One and Two should run consecutively and that Counts Three and Four should run concurrently with each other, but consecutively to Counts One and Two.