■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM A. JOHNSON, Appellant. [802 NYS2d 801]—

Carpinello, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered March 29, 2002, upon a verdict convicting defendant of the crimes of assault in the first degree (two counts) and criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court, entered July 9, 2002, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, after a hearing.

Indicted on two counts of assault in the first degree and one count each of criminal possession of a weapon in the third and fourth degrees, defendant was found guilty on all but one of the charges following a jury trial (the criminal possession of a weapon in the fourth degree count was dismissed). The charges arose out of an incident wherein Clyde Clark (hereinafter the victim) was slashed on the face on the afternoon of September 23, 2000 in the City of Albany. Sentenced as a second felony offender to concurrent prison terms of 20 years for the assault convictions and 3 to 6 years for the criminal possession of a weapon conviction, defendant appeals from the judgment of conviction, as well as from the denial of a subsequent CPL article 440 motion after a hearing. We affirm.

Defendant argues that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Upon our review of the trial evidence, particularly the victim's testimony, we are unpersuaded. Despite some discrepancies in the victim's testimony, he unequivocally testified that on the afternoon in question, he was approached by an individual known to him as "Wise" and slashed on the face with a razor blade. The assailant fled in a car. The victim was treated at a local hospital for his facial wounds. Several months later, while both men were incarcerated in the same jail, the victim notified officials that his assailant was also jailed in the facility. Ultimately, the victim positively identified defendant as his assailant from a photo array. He subsequently identified defendant as his assailant at trial, although he noted that defendant's appearance had changed in that his hair was longer and braided on the day of the incident.

Viewing this evidence in the light most favorable to the prosecution, we find that it was legally sufficient to support each of defendant's convictions (see *People v Contes*, 60 NY2d 620, 621 [1983]). Likewise, viewing the evidence in a neutral light and deferring to the jury's credibility determinations, we conclude that the verdict was not against the weight of the evidence (see *People v Bleakley*, 69 NY2d 490, 495 [1987]). In support of his contentions to the contrary, defendant claims that the victim's testimony was "highly unbelievable and contradictory." We have reviewed the victim's testimony, including the timing of events in which he identified defendant, and are unable to conclude that it was incredible as a matter of law (see e.g. *People v Polanco*, 13 AD3d 904, 906 [2004], *lv denied* 4 NY3d 802 [2005]). To the extent that defendant argues in his pro se brief that there was no proof that the victim sustained a serious physical injury, we are again unpersuaded as the jury was shown

a facial scar running from the victim's ear to his mouth as a result of the attack (see People v Bailey, 275 AD2d 663 [2000], lv denied 95 NY2d 960 [2000]; People v Jackson, 267 AD2d 183 [1999], lv denied 94 NY2d 949 [2000]; People v Gadson, 190 AD2d 860 [1993], lv denied 81 NY2d 970 [1993]; People v Wade, 187 AD2d 687 [1992], lv denied 81 NY2d 894 [1993]).

We have reviewed defendant's remaining contentions, including those contained in his pro se brief, and find each of them to be without merit.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.