■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM NEALY, Appellant. [819 NYS2d 106]—

Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered February 11, 2003, convicting him of assault in the second degree, criminal possession of a weapon in the third degree, menacing in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the People did not call enough witnesses to meet their burden of proving at a pretrial hearing that there was probable cause for his arrest, is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the People presented sufficient evidence at the hearing to demonstrate that there was probable cause to arrest the defendant. Information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to make an arrest (see People v Nieves, 26 AD3d 519 [2006]). The hearing record reveals that several days after one complainant was slashed in the face and the other complainant was threatened with being slashed, the two complainants approached police officers patrolling the parking lot of a bar and identified to the officers the defendant standing nearby as the assailant. The officers then approached the defendant, who had already started to leave the area. When the officers reached the defendant and asked him to come with them, the defendant started to run away and kept running despite their orders to stop. Under these circumstances, the officers had probable cause to believe that the defendant was the complainants' assailant (see People v Nieves, supra).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Johnson, 23 AD3d 686 [2005]; People v Perkins, 5 AD3d 801 [2004]; People v Thomas, 273 AD2d 606 [2000]; People v Bell, 265 AD2d 813 [1999]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The introduction of testimony regarding the defendant's membership in a gang did not constitute reversible error (see People v Joyner, 295 AD2d 625 [2002]). Much of that testimony was elicited after the defense counsel opened the door to the matter, and any potential prejudice to the defendant was allevi-

ated by the trial court's curative instructions to the jury (*see People v Joyner, supra; see also People v Mateo*, 2 NY3d 383, 424-425 [2004], *cert denied* 542 US 946 [2004]).

The defendant's claim that statements made by him to his parole officer were improperly admitted at trial as hearsay is without merit. The complained-of statements fall within the party admissions exception to the hearsay rule (*see People v Thomas*, 300 AD2d 1034 [2002]; *People v Swart*, 273 AD2d 503, 505 [2000]), and constitute an "implied admission of guilt" insofar as they established that the defendant's proffered alibi was false (*People v Koestler*, 176 AD2d 1207, 1208 [1991]).

The defendant's challenge to the prospective jury panel is unpreserved, because no motion in writing was filed and no adequate specification of objections was offered in advance of selection of the jury (*see* CPL 270.10 [2]; *People v Prim*, 40 NY2d 946 [1976]; *People v Dukes*, 97 AD2d 445 [1983]).

The defendant's contentions that at the grand jury proceedings the prosecutor knowingly allowed perjured testimony, permitted inadmissible hearsay, failed to present allegedly exculpatory information, and gave insufficient instructions to the grand jury, are not reviewable on appeal from a judgment of conviction that was based on legally sufficient trial evidence (*see* CPL 210.30 [6]; *People v Perry*, 19 AD3d 619 [2005]; *People v Scoon*, 303 AD2d 525 [2003]; *People v Shapiro*, 117 AD2d 688 [1986]).

The defendant's contention that the People committed a *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) by failing to turn over information regarding the individual who allegedly handed him the razor blade used in the attack is without merit, since the information was provided to the defense before trial and was not exculpatory in nature (*see People v Brims*, 19 AD3d 433 [2005]; *People v Carnett*, 19 AD3d 703 [2005]). His contention that the People committed a *Brady* violation by failing to turn over information regarding an interview allegedly held with that individual is unpreserved for appellate review.

The defendant's contention that two police officers were permitted to give testimony that improperly bolstered the testimony of the complainants is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the officers' testimony and similar testimony from a police detective was properly admitted as a necessary explanation of the events which resulted in the defendant's arrest. In addition, the testimony was properly admitted in response to the recent fabrication and misidentification arguments made by defense counsel (*see People v*

*Ragunauth,* 24 AD3d 472 [2005]; *People v Quinney,* 305 AD2d 1044 [2003]; *People v Tanksley,* 257 AD2d 639 [1999]).

To the extent that the defendant argues that he did not receive the effective assistance of counsel because defense counsel was working in collusion with the District Attorney's office and withheld information regarding the identity of the individual who handed him the razor blade used in the attack, his argument is based on matter dehors the record and therefore is not reviewable on direct appeal (*see People v Zito,* 234 AD2d 614 [1996]). To the extent that the defendant's ineffective assistance claim is based on matter in the record before us, the defendant was provided with meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.