■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO MELENDEZ, Appellant. [894 NYS2d 137]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered July 10, 2006, as amended September 6, 2006, convicting him of course of sexual conduct against a child in the first degree and attempted sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant's contention that his convictions are not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

The defendant's contention that the hearsay testimony of the subject children's mother before the grand jury impaired the integrity of that proceeding is without merit (*see People v Huston*, 88 NY2d 400, 409 [1996]; *People v Avant*, 33 NY2d 265, 271 [1973]), and is "not reviewable on appeal from a judgment of conviction that was based on legally sufficient . . . evidence" (*People v Nealy*, 32 AD3d 400, 402 [2006]; *see* CPL 210.30 [6]).

The defendant's contention that the hearsay testimony of the subject children's mother at trial violated his right to a fair trial is not preserved for appellate review because defense counsel failed to object or request a curative instruction (*see* CPL 470.05 [2]), and also waived the contention by his cross-examination of the children's mother (*see People v Bryan*, 50 AD3d 1049, 1050 [2008]).

The defendant's contention that he was deprived of the effective assistance of trial counsel is without merit (*see People v Baldi* 54 NY2d 137, 146-147 [1981]).

The sentence imposed was not excessive (*see People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.