■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THANH C. VO, Appellant. [900 NYS2d 575]—Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.),

rendered August 18, 2008. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the seventh degree, criminal possession of marihuana in the fifth degree, and a traffic infraction.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and four counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1], [12]). We reject the contention of defendant that he was denied his right to effective assistance of counsel (*see generally People v Turner*, 5 NY3d 476, 480 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]). The failure of defense counsel to request an entrapment charge was consistent with his defense strategy that defendant had not sold any drugs (*see generally People v Leigh*, 232 AD2d 904, 906 [1996], *lv denied* 89 NY2d 1037 [1997]), " 'and defendant failed to meet his burden of establishing the absence of any legitimate explanations for' " that strategy (*People v Douglas*, 60 AD3d 1377, 1377 [2009], *lv denied* 12 NY3d 914 [2009]).

We reject the further contention of defendant that defense counsel was ineffective for failing to move to suppress the contraband recovered when the police stopped his vehicle. "Defendant has failed to establish that 'the motion, if made, would have been successful and has failed to establish that counsel failed to provide meaningful representation' " (*People v Peterson*, 19 AD3d 1015, 1015 [2005], *lv denied* 6 NY3d 851 [2006]). Finally, the sentence is not unduly harsh or severe. Present— Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.