■ The People of the State of New York, Respondent, v William L. Sasso, Appellant.—Yesawich Jr., J. Appeal, by permission, from an order of the County Court of Albany County (Turner Jr., J.), entered April 18, 1990, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crimes of robbery in the first degree and grand larceny in the second degree, without a hearing.

Defendant was sentenced in 1981 as a persistent felony offender to 25 years to life imprisonment. Although this court affirmed the conviction (99 AD2d 558), the particular issue presented before us, the constitutionality of Penal Law § 70.10 (1) (b) (i), was apparently not brought to the court's attention. This statute suffers from the same infirmity that afflicted Penal Law former § 70.06 dealing with second felony offenders which this court declared unconstitutional (People v Morton, 48 AD2d 58, 60), and which prompted the Legislature to amend that statute (People v Gill, 109 AD2d 419, 421). There-

fore, in order to avoid the consequences of unconstitutionality as to Penal Law § 70.10 (1) (b) (i), the out-of-State offenses must constitute a felony in New York *(ibid.)*.

As the People frankly concede, an examination of the elements of the Connecticut crimes which were used to find defendant to be a persistent felony offender discloses that they do not qualify as felonies under New York law. Connecticut's crime of weapons in a vehicle (Conn Gen Stat § 29-38) is most similar to New York's crime of criminal possession of a weapon in the fourth degree, a class A misdemeanor (Penal Law § 265.01). Connecticut's crime of conspiracy (Conn Gen Stat former § 54-197) is analogous to New York's crime of conspiracy in the sixth degree, a class B misdemeanor (Penal Law § 105.00). Finally, Connecticut's forgery statute (Conn Gen Stat § 53-346) parallels New York's forgery in the third degree statute, a class A misdemeanor (Penal Law § 170.05). Accordingly, none of defendant's Connecticut convictions could have served as predicate felonies for the purpose of his sentencing as a persistent felony offender *(see, People v Stinson,* 151 AD2d 842, 843; *People v Thompson,* 140 AD2d 652, 654). Given the foregoing, reversal is warranted in the interest of justice and for good cause (CPL 470.15 [3] [c]).

Mahoney, P. J., Weiss, Crew III and Harvey, JJ., concur. Ordered that the order is reversed, as a matter of discretion in the interest of justice, motion granted, sentence vacated and matter remitted to the County Court of Albany County for resentencing.