■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILTON MARRERO, Appellant. [594 NYS2d 263] —Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered July 20, 1990, convicting defendant after jury trial of three counts of criminal possession of a weapon in the second degree, seven counts of criminal possession of a weapon in the third degree, and two counts of endangering the welfare of a child, sentencing him to three 7½ to 15 year terms, seven 3½ to 7 year terms, and two 1 year terms, respectively, to run concurrently, unanimously affirmed.

Defendant was not deprived of a fair trial by the two photographs showing, *inter alia,* a crossbow, a shotgun and shells, a turret light, a tear gas canister, and clips inside the apartment. The prejudicial effect of the two photographs did not outweigh their probative value *(People v Alvino,* 71 NY2d 233, 247). Since one of the pictures was found in the apartment when defendant was arrested, and the other in defendant's possession following his arrest, the photographs served to establish that defendant had access to the apartment; and the question of access was a significant issue at trial. Defendant did more than offer a simple alibi. He offered evidence that he did not frequent the apartment and that the locks had been changed. In any event, the prosecution was not bound to rest after presenting a minimum of evidence supporting its prima facie case *(supra,* at 245). Moreover, the court properly instructed the jury that the photographs were only to be considered on the question of defendant's connection to the apartment.

We find defendant's further argument that he was the victim of "cumulative errors" meritless. Contrary to defendant's claim on appeal, there was no ruling that prevented the prosecutor from establishing defendant's nickname, "snake". Trial counsel's objection at trial was addressed to the other words of profanity that were displayed on defendant's sweat-

shirt. Further, counsel eschewed a contemporaneous curative instruction after there was testimony that the warrant authorized a search for drugs, as well as weapons; and the gratuitous testimony that defendant told the police that he lived in the apartment was stricken. In any event, defendant has failed to show that the trial court abused its discretion in denying defendant's motions for a mistrial.

We do not disturb the trial court's determination that the infant eyewitness was competent to testify under oath. Appellate review of such a determination is limited *(People v Parks,* 41 NY2d 36, 46), and the record reveals that the infant had the intelligence and capacity to testify truthfully *(People v Brooks,* 184 AD2d 274, *lv denied* 80 NY2d 901). Nor was defendant entitled to a missing witness charge. In the circumstances presented, the infant's mother was not a witness on whom the prosecutor would likely have wanted to rely *(People v Gonzalez,* 68 NY2d 424, 429). We do not find that the prosecutor was obligated to grant the mother immunity. Concur—Sullivan, J. P., Carro, Wallach and Kupferman, JJ.