■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JOYE, Appellant. [603 NYS2d 131] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered December 19, 1991, convicting defendant, after a jury trial, of rape in the first degree, two counts of rape in the third degree, three counts of sexual abuse in the first degree, and endangering the welfare of a child, and sentencing him to 8⅓ to 25 years for rape in the first degree, two concurrent sentences of 1⅓ to 4 years on the convictions for rape in the third degree to be served concurrently with all other counts, three terms of 2⅓ to 7 years on the sexual abuse convictions to be served concurrently with all others except that two of those counts are to be served consecutively to the sentence imposed on the first degree rape conviction and a definite term of one year on the conviction for endangering the welfare of a child to be served concurrently with all other counts, unanimously modified, on the law and in the exercise of discretion, insofar as to reduce defendant's sentence on the first degree rape conviction to a term of 5 to 15 years and to provide that all sentences are to be served concurrently and otherwise affirmed.

Order of the same court and Justice, entered September 4, 1992, denying defendant's motion to vacate the judgment, unanimously affirmed.

This prosecution arose out of the rape and sexual abuse of the minor daughter of defendant's girlfriend. The defendant resided in the same apartment with the victim and her mother. Viewing the evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932) and giving deference to the jury's findings on credibility under the standards set forth in *People v Bleakley* (69 NY2d 490, 494-495), we conclude that defendant's guilt was proved beyond a reasonable doubt by legally sufficient evidence and that the verdict was not against the weight of that evidence.

Defendant's contention that trial counsel should have been permitted to inquire into the complainant's sexual conduct on cross-examination is meritless (CPL 60.42 [4], [5]; *People v*

*Halbert,* 175 AD2d 88, *affd* 80 NY2d 865, *cert denied* — US —, 113 S Ct 1288; *People v Perryman,* 178 AD2d 916, *lv denied* 79 NY2d 1005). Defendant's claims regarding the admissibility of expert testimony explicating rape trauma syndrome, the limiting instructions regarding such psychological testimony and the final instructions on consideration of evidence were not preserved for appellate review *(see, People v Velasquez,* 76 NY2d 905, 908). We decline to review them in the interest of justice.

There are no grounds upon which to reverse the order summarily denying defendant's motion to set aside the verdict pursuant to CPL 440.10. However, we do find that, in view of all of the circumstances, the defendant's sentence of 8⅓ to 25 years on the first degree rape conviction, made to run consecutively with two of the terms imposed on the sexual abuse convictions, was excessive and we reduce that sentence accordingly. We have considered defendant's other contentions and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach and Ross, JJ.