■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY MALDONADO, Appellant. [644 NYS2d 494]

Defendant did not preserve by objection his current claim that the trial court erred in its Sandoval ruling (People v Venero, 211 AD2d 566, lv denied 86 NY2d 785) and we decline to review it in the interest of justice. Were we to review the claim, we would find no error.

The trial court did not improvidently exercise its discretion in denying defendant's eleventh hour application for an order directing the prosecutor to attempt to locate and produce a police supervisor on the proffered ground that defendant "might" call that individual to testify. Furthermore, the trial court's ruling did not infringe upon defendant's right to present a defense, as trial counsel's extended and vigorous cross-examination of the arresting officer presented to the jury

defendant's position that a commendation request form prepared by the prospective witness contained data that conflicted with the arresting officer's trial testimony regarding certain details of the chase that resulted in defendant's arrest (*see, People v Maisonet*, 209 AD2d 297, 297-298, *lv denied* 85 NY2d 864, *cert denied* — US —, 116 S Ct 56). We also note the evidence of defendant's guilt was overwhelming.

There is no evidence in the record to support defendant's claim, raised for the first time on appeal, that the arrest photographs entered into evidence portrayed defendant in a prejudicial manner. Further, the photographs were relevant to issues before the jury and the prosecution was not obligated to rest after presenting a minimum of evidence in support of its prima facie case (*see, People v Marrero*, 191 AD2d 289, *lv denied* 81 NY2d 973). Concur—Rosenberger, J. P., Wallach, Kupferman, Williams and Mazzarelli, JJ.