■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELLINO PENA, Appellant. [663 NYS2d 212] —Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered December 22, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's redacted arrest photograph was properly admitted into evidence, because it was relevant, under the circumstances presented, identification being the principal contested issue in the case, notwithstanding defendant's claim that his appearance at the time of his arrest was unchallenged (*see, People v Maldonado*, 228 AD2d 170, *lv denied* 88 NY2d 967; *see also, People v Heine*, 238 AD2d 212). In any event, admission of the photograph did not result in any prejudice to defendant. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Colabella, JJ.

■ JAMES J. WALKER et al., Plaintiffs, v TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA et al., Appellants, and BOTTO MECHANICAL CORPORATION, INC., Respondent, et al., Defendant. TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA et al., Third-Party Plaintiffs-Appellants, v ROSENWACH TANK CO., INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [665 NYS2d 255] —Order, Supreme Court, New York County (Paula Omansky, J.), entered September 18, 1996, which, in an action by a laborer to recover for personal injuries, denied defendant and third-party plaintiff owner's and general contractor's cross motion for summary judgment on their causes of action for full contractual indemnification against defendant-respondent subcontractor and full common-law indemnification against third-party defendant sub-subcontractor, plaintiff's employer, unanimously affirmed, without costs.

The record does not establish appellants' freedom from negligence as a matter of law, there being unresolved issues of fact as to the extent to which they exercised supervision over the worksite, whether they had notice of any unsafe conditions, and what, if anything, they did to correct them. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Colabella, JJ.