OPINION OF THE COURT
 

 Ciparick, J.
 

 In
 
 People v Geraci
 
 (85 NY2d 359) we held that, in order to overcome a defendant’s constitutional right to confront and cross-examine accusers by allowing into evidence an unavailable witness’s hearsay statements, the People must prove by clear and convincing evidence that the defendant’s misconduct
 
 *257
 
 procured that witness’s unavailability. This appeal tests whether, under the circumstances here, the trial court properly dispensed with a hearing before such evidence was admitted.
 

 The case involves a relationship between defendant, then a 52-year-old pastor, and a 12-year-old girl, one of his parishioners. The girl’s mother originally discovered the relationship, finding a notebook in which her daughter had written several sexually explicit letters to defendant. Obviously concerned, she took her daughter to a physician for pregnancy testing and thereafter brought her to the police. At the station house, she confronted her daughter with the positive test results confirming her pregnancy, and convinced her to call defendant and allow their two telephone conversations to be recorded.
 

 After defendant was arrested, the victim testified before the Grand Jury, in detail, about her relationship with defendant. She also testified at a suppression hearing, as a witness for the defense. When called at trial, however, she had “nothing to say” and otherwise refused to testify. The Trial Judge refused the prosecutor’s request to hold her in contempt. The next day, the People moved to have her Grand Jury testimony admitted in lieu of trial testimony. The Judge offered the People a hearing, which they declined as unnecessary. As the People explained to the court, the trial and suppression hearing evidence as well as a letter written by the victim (not admitted into evidence at trial) demonstrated that defendant had procured the witness’s silence. Defense counsel argued against the People’s application. Upon the Judge’s announcement that he would grant the relief sought based solely on the People’s submissions, defense counsel requested a
 
 Sirois
 
 hearing
 
 (see, Matter of Holtzman v Hellenbrand and Sirois,
 
 92 AD2d 405, 415;
 
 see also, People v Geraci,
 
 85 NY2d 359, 363, n 1). The Judge denied defense counsel’s request, holding that counsel had acquiesced in the People’s method of proceeding on the motion. The court then found that defendant had silenced this witness as a result of the “strong pressure exerted” on her.
 

 After the admission of the girl’s Grand Jury testimony, the jury convicted defendant of two counts of rape in the second degree, two counts of sodomy in the second degree and endangering the welfare of a child. On appeal, defendant claimed that it was reversible error for the trial court to determine that the Grand Jury testimony was admissible without holding a separate
 
 Sirois
 
 hearing to test the People’s theory that the defendant played a role in procuring her silence. A majority at the Appellate Division agreed and re
 
 *258
 
 versed defendant’s conviction. By permission of one of the dissenting Justices at the Appellate Division, the People appeal, and we now affirm.
 

 As
 
 People v Geraci
 
 makes clear, a
 
 Sirois
 
 hearing is no mere formality. The
 
 Sirois
 
 hearing plays the valuable role of sentry, admitting statements not subject to cross-examination only where the requisite link between the defendant’s misconduct and the witness’s silence has been established. Indeed, this Court rejected a preponderance of the evidence standard as the People’s burden of proof, and instead deemed “the ‘clear and convincing evidence’ standard to be the test that best recognizes the gravity of the interest at stake”
 
 (People v Geraci, supra,
 
 85 NY2d, at 367). The Court continued:
 

 “Obviously, a defendant’s loss of the valued Sixth Amendment confrontation right constitutes a substantial deprivation. Additionally, and even more significantly, society has a weighty investment in the outcome, because of the intimate association between the right to confrontation and the accuracy of the fact-finding process”
 
 (id.,
 
 at 367 [internal quotations and citation omitted]).
 

 The high value placed on the constitutional right to confront witnesses would lose substantial worth if
 
 Sirois
 
 hearings were excused when the evidence in issue is subject to competing inferences, only one of which is witness-tampering. A
 
 Sirois
 
 hearing provides an opportunity, not likely to arise elsewhere, for the People to prove, and the defendant to test, the People’s proffered theory that a witness’s unavailability is linked to the defendant’s misconduct. As a result, a
 
 Sirois
 
 hearing is appropriate when “the People allege specific facts which demonstrate a ‘distinct possibility’ that a criminal defendant has engaged in witness tampering”
 
 (People v Cotto,
 
 92 NY2d 68, 72 [citations omitted];
 
 United States v Mastrangelo,
 
 693 F2d 269, 273 [2d Cir]).
 

 Here, it cannot be said that the evidence before the trial court so overwhelmingly established witness-tampering as to satisfy the clear and convincing standard and render a
 
 Sirois
 
 hearing superfluous. There was evidence of the victim’s refusal to testify at trial, and evidence of the defendant’s misconduct in attempting to silence her. On this record, however, defendant should have been afforded an opportunity to test the causal link between those two elements, as he requested, at a separate hearing.
 

 
 *259
 
 The primary evidence of the defendant’s improper influence came from the taped telephone conversations the witness had with the defendant while she was at the police station. The strong pressure exerted on the girl during the telephone conversations could, in fact, support an inference of domination or improper influence, providing the requisite link to the girl’s eventual refusal to testify at trial. Indeed, the defendant requested that she lie so that he would not
 
 “go to
 
 jail.” Yet the evidence was subject to competing inferences. These conversations occurred prior to defendant’s arrest and prior to the time when the girl appeared and gave testimony before the Grand Jury. At a
 
 Sirois
 
 hearing, defendant would have had an opportunity to challenge the People’s evidence by raising questions as to defendant’s role in securing the victim’s unavailability at trial. The People contend that a hearing was unnecessary because the record as it stands establishes that defendant was responsible for procuring the victim’s silence. The force of this conclusion, however, is not the test inasmuch as we cannot evaluate the record in its present state since no hearing was held. Given the
 
 Sirois
 
 violation, we are unable to make the determination sought by the People.
 

 This is not to say that a
 
 Sirois
 
 hearing is in every instance required. A defendant may, for example, waive such a hearing (see
 
 generally, Johnson v Zerbst,
 
 304 US 458, 464). That, however, did not happen here. The record before us demonstrates that only the People declined a hearing. Defense counsel neither agreed to forego a hearing nor acquiesced in proceeding without further inquiry. He merely argued “that the
 
 application here is insufficient
 
 in setting forth the specific facts
 
 * * * to demonstrate a distinct possibility
 
 that the Defendant had something to do with the witness’s refusal to testify” (emphasis added). And when the court ruled on the ultimate
 
 Sirois
 
 issue, rather than on the existence of a “distinct possibility,” counsel promptly requested a hearing.
 

 On these facts, we agree with the Appellate Division that the constitutionally guaranteed truth-testing devices of confrontation and cross-examination should not have been cast aside and the Grand Jury testimony admitted without a hearing or waiver by defendant.
 

 Defendant additionally claims that the tapes of the telephone conversations as well as People’s Exhibits 1, 2, 3 and 5 were improperly admitted into evidence at trial. We perceive no error in the lower courts’ rulings on the admissibility of the tapes as the record amply supports the conclusion that it was
 
 *260
 
 the mother who exerted influence to obtain her daughter’s consent to have the telephone conversations recorded.
 

 As for the exhibits, there was evidence that Exhibit 3 was written by defendant, and Exhibit 2 contained several interlineations in the defendant’s handwriting, apparently responding to questions or comments in the letter. Both were properly admitted as party admissions
 
 (see, Reed v McCord,
 
 160 NY 330). As for Exhibits 1 and 5, letters written by the girl, they were clearly hearsay. Although originally admitted to explain their effect on the state of mind of the mother, the court’s later, unexplained broadening of the ruling to include admission for proof of the crimes charged was error. On retrial, we leave the People to their alternative arguments pressed on this appeal but not considered below.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Wesley and Rosenblatt concur.
 

 Order affirmed.