■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE E. SWART, Appellant. [709 NYS2d 653] —Rose, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered March 8, 1999, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the third degree, criminal mischief in the fourth degree, reckless endangerment in the fourth degree and reckless endangerment of property.

In the early morning hours of August 8, 1998, William Eklund's silage truck was stolen from his farm in Delaware County. While driving around in search of the truck, Eklund's son encountered it coming toward him and observed that defendant was its driver. Eklund's son pursued the truck, overtook it after traveling at a high rate of speed, and was following it when defendant drove it off the road into a hay field. He then observed defendant jump from the driver's side of the moving truck and run off, while the truck continued to roll across the field until it crashed.

Defendant was subsequently indicted and, following a jury trial, sentenced as a second felony offender to a term of imprisonment of $3\frac{1}{2}$ to 7 years for his conviction of criminal possession of stolen property in the third degree, with concurrent jail terms of three months for his conviction of reckless

endangerment of property and one year each for his convictions of criminal mischief in the fourth degree and reckless endangerment in the fourth degree. Defendant appeals.

Defendant's initial contention that the charges of reckless endangerment of property and criminal mischief in the fourth degree are inconsistent is not preserved for our review. Where an indictment contains two inconsistent counts and either count could be supported by sufficient evidence, CPL 300.40 (5) requires the trial court to submit both counts to the jury with an instruction that the defendant can be found guilty of one or the other, but not both, of the counts. Here, County Court submitted both counts to the jury without such an instruction. Defendant took no exception to the charge and raised no objection to the verdict prior to the jury's discharge (*see, People v Satloff,* 56 NY2d 745, 746).

However, were we to consider this contention, we would conclude that these particular charges are not inconsistent in this case. Although the counts of reckless endangerment to property and criminal mischief charged the same mental state of recklessness, the results of damage to property as opposed to the risk of damage to property were different. Moreover, the acts constituting the offenses were different. County Court instructed the jury that the alleged conduct causing damage to property supporting the reckless endangerment of property was defendant's jumping from the moving truck. Although County Court referred to no specific conduct while instructing on the charge of criminal mischief in the fourth degree, the jury could have found that the requisite risk of damage to the truck arose earlier when defendant recklessly drove into the field. Accordingly, the jury's findings of guilty on both counts were not inconsistent.

Defendant next argues that County Court erred in admitting a letter allegedly written by defendant to his former girlfriend, Ashley McLean, while he was in jail because the prosecution failed to disclose it pursuant to CPL 240.20 and because it is hearsay. McLean testified that she was familiar with defendant's handwriting and that the letter was in his handwriting. In reference to defendant's arrest on the felony charged here, the letter stated: "I thought I was going to get away with it sence [*sic*] I have numerous times in the past." In ruling on defendant's objections, County Court correctly found that the letter was not required to be disclosed because it is not a statement made to a person in any law enforcement capacity and its contents are sufficiently inculpatory to warrant admission. Statements made to civilian witnesses are not discoverable

(*see, People v Rivera*, 210 AD2d 178, *lv denied* 85 NY2d 865; *cf., People v Rodriguez*, 114 AD2d 525, 526, *lv denied* 66 NY2d 1043). In addition, the letter was properly received under the party-admissions exception to the hearsay rule (*see, People v Johnson*, 93 NY2d 254, 260; Prince, Richardson on Evidence § 8-201, at 510 [Farrell 11th ed]). A party's admissions of any inculpatory material fact are always competent evidence against him or her, and such admissions need not be against the party's interest at the time they were made (*see,* Prince, Richardson on Evidence §§ 8-201, 8-203, at 510-511).

Contrary to defendant's contentions, we also find that the brief reference to an uncharged crime elicited on cross-examination of Eklund's son neither warranted the granting of defendant's motion for a mistrial nor requires reversal of his judgment of conviction. Defense counsel asked Eklund's son, "Now, before you left your house, you knew Wayne Swart took the truck, didn't you?" Eklund's son answered, "No," but in a subsequent response to a reference to his earlier testimony he stated: "I didn't know he had the truck that night, but I knew he took a truck from us the night before and I suspected it was him." Defendant's immediate objection and request for a mistrial was denied, as was his subsequent request for a curative instruction. We note that County Court conjectured that defense counsel may have purposely asked the question to trigger a mistrial and we agree that a mistrial was not warranted (*see, People v Miller*, 239 AD2d 787, 787-788, *affd* 91 NY2d 372).

We find, however, that County Court erred in refusing to give a curative instruction simply because it was necessitated by defense counsel's own elicitation. In these circumstances, County Court should have sustained defendant's objection to the witness's answer and given a curative instruction (*see, People v Capers*, 170 AD2d 522, *lv denied* 77 NY2d 959). We find the error was harmless, however, in light of defense counsel's further questioning which revealed that Eklund's son had no personal knowledge of uncharged theft and the overwhelming evidence of defendant's guilt (*see, People v Taylor*, 169 AD2d 743, 745).

We have considered defendant's remaining contentions and find them to be either unpreserved for review or lacking in merit.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.