■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY BROCK, Appellant. [715 NYS2d 679] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in denying defendant's request to file a late notice of alibi. Defendant did not give a reasonable explanation for failing to

comply with CPL 250.20 (1) and waiting until the day of jury selection to inform the People of alibi witnesses (*see, People v Watson,* 269 AD2d 755, *lv denied* 95 NY2d 806; *People v Millio,* 226 AD2d 1071, *lv denied* 88 NY2d 990; *People v Bernard,* 210 AD2d 419, *lv denied* 85 NY2d 906). The court also did not abuse its discretion by its *Sandoval* ruling. The fact that the prior crime was similar to one of the crimes charged does not preclude its use (*see, People v Pavao,* 59 NY2d 282, 292). The record establishes that the court properly balanced the probative value of that theft-related crime against the potential for undue prejudice (*see, People v Laraby,* 219 AD2d 817, *lv denied* 88 NY2d 849, 937; *see also, People v Grey,* 259 AD2d 246, 250, *lv denied* 94 NY2d 880). (Appeal from Judgment of Monroe County Court, Connell, J.—Robbery, 1st Degree.) Present— Pigott, Jr., P. J., Pine, Hayes, Wisner and Kehoe, JJ.