■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BROWN, Appellant. [806 NYS2d 262]—

Kane, J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered October 27, 2003, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree (two counts), assault in the first degree (three counts), robbery in the first degree (two counts) and kidnapping in the second degree.

Defendant appeals following his conviction of nine violent felonies arising out of his abduction and physical and sexual assault of a 15-year-old girl. We affirm.

County Court did not err in denying defendant's suppression motion. This Court affords great weight to the credibility determinations of the suppression court (see People v Keith [Kelly] [Washington], 240 AD2d 967, 968 [1997], lvs denied 90 NY2d 906, 912 [1997]). Defendant did not testify or offer any witnesses at the hearing, leaving only the testimony of police witnesses. Based on that testimony, it is undisputed that the police did not stop defendant's vehicle (see Terry v Ohio, 392 US 1 [1968]; People v Cantor, 36 NY2d 106 [1975]), but defendant stopped on his own and exited his car when he saw the police. The way defendant approached the officers, as well as the odor of alcohol on defendant's breath, permitted the officers to make inquiries (see People v Mitchell, 283 AD2d 769, 770-771 [2001], lv denied 97 NY2d 642 [2001]). Defendant consented to a search

of his vehicle, obviating the need for probable cause to do so (*see People v Durgey,* 186 AD2d 899, 901 [1992], *lv denied* 81 NY2d 787 [1993]). In any event, defendant's admission of the presence of a crack pipe in the car provided probable cause for the entry into and search of the car for the pipe under the automobile exception to the warrant requirement (*see People v Dobere,* 298 AD2d 770, 772 [2002]). Prior to any interrogation, the officers advised defendant of his *Miranda* rights and obtained both an oral and signed waiver of those rights. Based on the hearing testimony, defendant's statements and all evidence seized from his car were admissible.

The jury's verdict was not against the weight of the evidence. Although the victim gave several different versions of the incident and the officers' testimony was not completely consistent, credibility matters are properly within the jury's realm and here were resolved against defendant (*see People v Lind,* 20 AD3d 765, 767 [2005], *lv denied* 5 NY3d 830 [2005]). At trial, the victim testified that she snuck out of her house on the night in question and encountered defendant near a convenience store, where she asked him to buy her cigarettes. Defendant purchased the cigarettes, then grabbed her in a head-lock, punched her in the face and forced her into his car. He put a blanket over her head, threatened to kill her, told her he had killed another girl the night before and ran a knife along the victim's back. After driving for a while, he stopped the car and ordered her to undress and perform oral sex on him. He had sex with her vaginally and anally, took all the money from her purse, bound her wrists, burned her eye with the car's cigarette lighter, stabbed her around the eyes, asked her if she could see him and, when she responded that she could not, he pushed her out of the car. The naked victim flagged down a tractor trailer on the interstate and its driver called the police.

The victim's testimony was supported by physical evidence. She had a broken nose, bruises on her neck and wrists, burn marks on her face and approximately 10 stab wounds in and around her eyes, including one that punctured her eyeball. Blood on a knife in defendant's car matched the victim's DNA, as did skin tissue found on his car's cigarette lighter. Semen recovered from the victim's vagina and anus matched defendant's DNA. Recent tears to her anus were consistent with the victim's testimony of forced anal sex. Her blood was located on the interior and exterior of defendant's car.

Defendant's oral and written statements to police corroborated portions of the victim's testimony as well. At trial, however, defendant testified somewhat differently. He stated

that after purchasing cigarettes for the victim, she entered his car voluntarily so they could travel somewhere to get drugs, at her suggestion. She allegedly rubbed his groin, then suggested they stop so she could have sex with him. When they stopped, it was her idea to have consensual anal sex. Defendant then decided he did not want to continue on their trip, but the victim told him that she would scream rape if he did not take her to get the drugs. She began kicking defendant, almost causing an accident. At that point, she reached for the knife, defendant grabbed it from her and stabbed her several times in the face, then he pushed her out of the car. His testimony acknowledged that he assaulted the victim and statutorily raped her, but he denied forcible rape or sodomy, robbery or kidnapping.

The violence of the attack, including defendant's efforts to burn and stab the victim's eyes in an apparent attempt to prevent her from identifying him, make defendant's consensual sex version less believable. While an alternate verdict would not have been unreasonable, the jury was in the best position to weigh the conflicting versions of events, and we will not disturb its credibility determinations (*see People v Allen,* 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]; *People v Holliman,* 12 AD3d 773, 775 [2004], *lv denied* 4 NY3d 764 [2005]; *People v Love,* 307 AD2d 528, 530 [2003], *lv denied* 100 NY2d 643 [2003]).

County Court's evidentiary rulings were proper. The court correctly denied defendant's request to produce and review the victim's school and counseling records. Although defendant demonstrated that the victim initially lied to police and medical personnel about the circumstances of her abduction, there was no showing that her school and counseling records were reasonably likely to contain material relevant to the trial. Under these circumstances, the subpoena was a fishing expedition searching for some means of attacking the victim's credibility (*see People v Gissendanner,* 48 NY2d 543, 549-550 [1979]; *People v Singh,* 16 AD3d 974, 976 [2005], *lv denied* 5 NY3d 769 [2005]; *People v Knowell,* 94 AD2d 255, 260-261 [1983]; *People v Robinson,* 87 AD2d 877, 878-879 [1982]). Precluding cross-examination regarding the victim's counseling sessions was appropriate given the absence of any factual basis that the victim suffered from hallucinations or fantasies or had previously made any false claims of sexual assault (*see People v O'Malley,* 282 AD2d 884, 885 [2001], *lv denied* 96 NY2d 866 [2001]). The court legitimately denied defendant's request to elicit the testimony of the victim's former boyfriend, as it constituted extrinsic evidence on collateral matters solely to attack the victim's credibility (*see*

*People v Gissendanner, supra* at 548; *People v St. Louis,* 20 AD3d 592, 593 [2005]). Testimony concerning the clothing that the victim wore on the night of the incident, her journal, a poem and a letter she wrote were all properly excluded from evidence because they were remote in time, irrelevant or were precluded by the Rape Shield Law (*see* CPL 60.42; *People v Thompson,* 267 AD2d 602, 603 [1999], *lvs denied* 94 NY2d 953 [2000], 95 NY2d 805 [2000]; *People v Smith,* 192 AD2d 806, 808 [1993], *lv denied* 81 NY2d 1080 [1993]; *see also People v Mount,* 285 AD2d 899, 900 [2001], *lv denied* 97 NY2d 642 [2001]).

Defendant failed to object to the prosecutor's cross-examination. Thus, he failed to preserve his contention that the prosecutor improperly asked him whether the People's witnesses were mistaken (*see People v Smyth,* 233 AD2d 746, 749 [1996], *lv denied* 89 NY2d 1015 [1997]). Despite counsel's failure to object to this line of questioning, defendant received the effective assistance of counsel (*see People v Lamont,* 21 AD3d 1129, 1133 [2005]).

Defendant's sentence was not harsh or excessive. While lengthy,* the sentence is justified by defendant's brutal acts of abducting the 15-year-old victim, threatening her with a knife, raping and sodomizing her both orally and anally, stabbing and burning her eyes, robbing her of all her money, and leaving her naked and bleeding by the side of the road. Defendant, who had 13 prior convictions, blamed the victim, tried to portray her as a drug user and the aggressor in both the sexual acts and the physical attack, and even claimed to the probation officer that he used the cigarette lighter to cauterize the stab wounds and stop the bleeding, rather than as a further means of blinding the victim. For these outrageous crimes, the maximum permissible sentence was appropriate (*see People v Humphrey [Hershey],* 15 AD3d 683 [2005], *lvs denied* 5 NY3d 763 [2005]).

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.

---

* Although the aggregate sentence for these nine crimes totaled 100 years, that sentence is statutorily reduced to 50 years (*see* Penal Law § 70.30 [1] [e] [vi]).