■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EULOGIO CRUZ, Also Known as LEWIS CRUZ, Appellant. [837 NYS2d 767]—

Carpinello, J. Appeal from a judgment of the County Court of Rensselaer County (Czajka, J.), rendered May 21, 2004, upon a verdict convicting defendant of the crimes of sodomy in the first degree (four counts), sexual abuse in the first degree (12 counts) and endangering the welfare of a child (two counts).

Following a jury trial, defendant was convicted of four counts of sodomy in the first degree, 12 counts of sexual abuse in the first degree and two counts of endangering the welfare of a child stemming from his inappropriate sexual contact with the 10-year-old daughter of his girlfriend.* He was thereafter sentenced to maximum consecutive sentences which resulted in an aggregate sentence of 100 years in prison. He now appeals.

Defendant argues, and the People concede, that eight of the sexual abuse counts are multiplicitous (*see People v Moffitt*, 20 AD3d 687, 690-691 [2005], *lv denied* 5 NY3d 854 [2005]). Although this precise claim was not properly preserved by an appropriate motion to dismiss (*see* CPL 200.20 [1]; 210.20 [1] [a]; 210.25 [1]; *see also* CPL 470.05 [2]), given the People's concession, we will exercise our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; [6] [a]; *People v Crowley*, 34 AD3d 866, 867 [2006], *lv denied* 7 NY3d 924 [2006]; *People v Raymo*, 19 AD3d 727, 728-729 [2005], *lv denied* 5 NY3d 793 [2005]; *People v Butler*, 273 AD2d 613, 614-615 [2000], *lv denied* 95 NY2d 933 [2000]; *People v Sasso*, 176 AD2d 410, 411 [1991]) and dismiss them (*see People v Nailor*, 268 AD2d 695, 696 n 1 [2000]). However, upon our review of the trial evidence and upon proper application of the applicable standards of review, we are

---

* This was the second trial for defendant; his first ended in a mistrial after the jury could not reach a verdict. Following the first trial, a plea agreement was reached between the People and defendant pursuant to which he would plead guilty to one count of sexual abuse in satisfaction of the 22-count indictment in exchange for a sentence of time served and 10 years of probation. County Court, however, refused to accept this offer and defendant proceeded to the second trial.

unpersuaded that the evidence on the remaining counts was legally insufficient or that the verdict was against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Testimony at trial established that defendant and the victim's mother knew each other for 10 years before becoming romantically involved in the fall of 2001 and moving in together. In November 2001, they, along with the victim and her younger sister, moved into a new house in a new neighborhood. According to the victim, on four particular occasions between December 2, 2001 and January 28, 2002 at this new house, defendant kissed her on the mouth, placed his hands on her breasts and placed his finger and tongue into her vagina. According to the victim, she was able to recall these particular dates because she wrote them down on a piece of paper following each incident.

Moreover, according to the victim, she told a friend about the abuse sometime in December 2001 when that friend visited her for the first time at the new house, and she finally told her father about it on February 5, 2002. The next day, the victim agreed to place a controlled telephone call to defendant at his place of employment. This call was monitored and recorded by a senior State Police investigator, admitted into evidence over defense objections and played to the jury. During the conversation, while defendant indeed denied the victim's specific accusations of inappropriate sexual contact, he nevertheless instructed her "[not to] tell anybody," forewarned her three times that things would go "crazy" if she told, informed her that she would get in trouble for telling, asked her "[not to] say anything, . . . [b]ecause it could be very danger[ous] for everybody" and further asked her to "[t]hink about your mother, think about yourself, think about your father, think of everybody."

Viewing this evidence in a light most favorable to the People, we find that there is a valid line of reasoning and permissible inferences which could lead the jury to conclude that the elements of each of the remaining charged crimes were proven beyond a reasonable doubt (*see id.*; *People v Contes*, 60 NY2d 620, 621 [1983]). Moreover, despite defendant's testimony denying any inappropriate sexual contact with the victim and denying that he even had the opportunity to do so given his work schedule and the layout of their small ranch house, the jury's verdict was not against the weight of the evidence (*see* CPL 470.15 [5]). The conflicting testimony between defendant and the victim presented a quintessential credibility clash that typically occurs in cases of this nature and, upon the exercise of our factual review power, we find no basis upon which to disagree with the jury's resolution of credibility in favor of the victim nor can we

conclude that the jury failed to give the evidence the weight it should be accorded (*see e.g. People v DeCicco*, 38 AD3d 937, 937-938 [2007]; *People v Wallis*, 24 AD3d 1029, 1031 [2005], *lv denied* 6 NY3d 854 [2006]; *People v Boyce*, 2 AD3d 984, 985-986 [2003], *lv denied* 2 NY3d 796 [2004]; *People v Soulia*, 263 AD2d 869, 872-873 [1999], *lv denied* 94 NY2d 829 [1999]; *People v Roach*, 263 AD2d 763 [1999], *lv denied* 93 NY2d 1045 [1999]; *People v Van Nostrand*, 217 AD2d 800, 803 [1995], *lv denied* 87 NY2d 851 [1995]).

Next, we find no error in permitting the People to introduce the taped telephone call between defendant and the victim into evidence as that conversation contained statements by defendant that were "sufficiently inculpatory to warrant admission [into evidence]" (*People v Swart*, 273 AD2d 503, 504 [2000], *lv denied* 95 NY2d 908 [2000]) as admissions on his part (*see People v Johnson*, 250 AD2d 922, 928 [1998], *affd* 93 NY2d 254 [1999]; *People v Burke*, 96 AD2d 971, 971-972 [1983], *affd* 62 NY2d 860 [1984]; *see also People v Bretagna*, 298 NY 323, 326 [1949], *cert denied* 336 US 919 [1949]; Prince, Richardson on Evidence §§ 8-201, 8-204 [Farrell 11th ed]). Moreover, since the victim's testimony constituted direct evidence of defendant's guilt (*see People v Butler*, 132 AD2d 771, 772 [1987], *lv denied* 70 NY2d 873 [1987]; *People v Burke, supra* at 972), County Court correctly denied defendant's request for a circumstantial evidence charge. Thus, his claim that a new trial is warranted under *People v Sanchez* (92 AD2d 595 [1983], *affd* 61 NY2d 1022 [1984]) is unpersuasive.

We are persuaded, however, that defendant's sentence is harsh and excessive under the particular facts of this case, warranting reduction by this Court in the interest of justice (*see* CPL 470.15 [2] [c]; [6] [b]). While defendant's conduct against the victim was abhorrent, he has no prior criminal history (other than a traffic infraction) which would warrant the imposition of maximum consecutive sentences aggregating 100 years in prison (albeit reduced to 50 years pursuant to Penal Law § 70.30) (*see People v Nickel*, 14 AD3d 869, 872-873 [2005], *lv denied* 4 NY3d 834 [2005]; *compare People v Kuklinski*, 24 AD3d 1036, 1037 [2005], *lv denied* 7 NY3d 758 [2006]; *People v Brown*, 24 AD3d 884, 888 [2005], *lv denied* 6 NY3d 832 [2006]; *People v Williams*, 24 AD3d 882, 884 [2005], *lv denied* 6 NY3d 854 [2006]; *People v Love*, 307 AD2d 528, 533 [2003], *lv denied* 100 NY2d 643 [2003]; *People v Chilson*, 285 AD2d 733, 735-736 [2001], *lv denied* 97 NY2d 640 [2001]; *People v Fox*, 274 AD2d 665, 666 [2000]; *People v Smith*, 272 AD2d 713, 716 [2000], *lv denied* 95 NY2d 871 [2000]). While the People argue that the sentence

should not be reduced by this Court, we are compelled to observe that the People had agreed to a plea deal of time served and probation prior to this trial (*see* n *supra*). We therefore modify defendant's sentence in the interest of justice by directing that the sentences for the four sodomy counts run concurrently to each other and to the sentences for the four consecutive sexual abuse counts (*see e.g. People v Nickel, supra* at 873; *People v Hutzler*, 270 AD2d 934, 936 [2000], *lv denied* 94 NY2d 948 [2000]; *People v Joye*, 198 AD2d 21 [1993], *lv denied* 83 NY2d 854 [1994]; *People v Tortorice*, 142 AD2d 916, 919 [1988]). Defendant will thus serve an aggregate sentence of 28 years in prison for his crimes, a sentence which appropriately takes into account the heinous nature of his conduct (*compare People v White*, 27 AD3d 884, 887 [2006], *lv denied* 7 NY3d 764 [2006]; *People v Dalton*, 27 AD3d 779, 783 [2006], *lv denied* 7 NY3d 754 [2006]; *People v Kuklinski, supra*; *People v Brown, supra*; *People v Chilson, supra*)

We have reviewed defendant's remaining contentions and find them without merit.

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's convictions of sexual abuse in the first degree under counts 3, 4, 8, 9, 13, 14, 18 and 19 of the indictment; said counts dismissed and defendant's sentences for the four counts of sodomy in the first degree shall run concurrently to one another and to the four consecutive sentences for sexual abuse in the first degree; and, as so modified, affirmed.

