■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON WEBB, Appellant. [875 NYS2d 665]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered August 8, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts), robbery in the second degree, attempted robbery in the first degree, attempted robbery in the second degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of robbery in the first degree (Penal Law § 160.15 [4]) and one count of assault in the second degree (§ 120.05 [7]), arising from three separate incidents. As defendant correctly concedes, he failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence inasmuch as he failed to move for a trial order of dismissal on the ground raised on appeal (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We therefore reject the further contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to make a motion on that ground. "There can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion . . . that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005]; *see People v Odom*, 53 AD3d 1084, 1087 [2008], *lv denied* 11 NY3d 792 [2008]; *People v Phelps*, 4 AD3d 863 [2004], *lv denied* 2 NY3d 804 [2004]). Furthermore, "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to the contention of defendant, the letters that he wrote to his fiancee in which he admitted that he committed the assault and implied that he committed several of the other crimes were properly admitted in evidence under the party admissions exception to the hearsay rule (*see People v Swart*, 273 AD2d 503, 505 [2000], *lv denied* 95 NY2d 908 [2000]; *see generally People v Humphrey*, 15 AD3d 683, 685 [2005], *lv denied* 5 NY3d 763 [2005]). Defendant further contends that County Court abused its discretion in admitting certain photographs in evidence. We reject that contention. With respect to the photograph of an individual holding a shotgun, a witness testified that the shotgun was the same as that used in the robberies charged in the indictment and that defendant was the person holding it. Inasmuch as defendant's possession of the shotgun was at issue, evidence that defendant possessed that weapon at an earlier time was relevant, and the probative value of the photograph outweighed its prejudicial effect (*cf. People v Brown*, 216 AD2d 737, 737-738 [1995]; *see generally People v Marrero*, 191 AD2d 289 [1993], *lv denied* 81 NY2d 973 [1993]). Contrary

to the further contention of defendant, the People were permitted to introduce the photograph to strengthen their case although they had already established a prima facie case with respect to defendant's possession of a weapon (*see generally People v Alvino*, 71 NY2d 233, 245 [1987]; *People v Marrin*, 205 NY 275, 280 [1912]; *People v Radoncic*, 259 AD2d 428 [1999], *lv denied* 93 NY2d 1005 [1999]). With respect to the remaining photographs, we conclude that they were properly admitted in evidence because they were also relevant to material issues in the case, and "[p]hotographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (*People v Pobliner*, 32 NY2d 356, 370 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]; *see People v Giles*, 20 AD3d 863, 864 [2005], *lv denied* 5 NY3d 806 [2005]), which was not the case here.

Contrary to defendant's contention, the showup identification procedure used in connection with two of the victims was not unduly suggestive inasmuch as "the showup was 'conducted in close geographic and temporal proximity to the crime' " (*People v Lewis*, 306 AD2d 931, 932 [2003], *lv denied* 100 NY2d 596 [2003], quoting *People v Brisco*, 99 NY2d 596, 597 [2003]). With respect to the photo array viewed by a third victim, we conclude that "the People met their initial burden of establishing the reasonableness of the police conduct . . . , and defendant failed to meet his ultimate burden of proving that the photo array was unduly suggestive" (*People v Bell*, 19 AD3d 1074, 1075 [2005], *lv denied* 5 NY3d 803, 850 [2005]; *see People v Levy*, 281 AD2d 984 [2001], *lv denied* 96 NY2d 831 [2001]).

Even assuming, arguendo, that defendant preserved for our review his contention that the court erred in denying his motion to sever certain counts of the indictment, we conclude that "[t]he counts were properly joined under CPL 200.20 (2) (b), and the court had no discretion to sever them" (*People v Van Duser* [appeal No. 2], 277 AD2d 1034, 1035 [2000], *lv denied* 96 NY2d 739 [2001]; *see People v Bongarzone*, 69 NY2d 892, 895 [1987]; *see generally People v Lane*, 56 NY2d 1, 7 [1982]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Centra, Peradotto and Gorski, JJ.