# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

586

KA 12-00930

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

MATHEW J. ANGONA, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (COURTNEY E. PETTIT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (William D. Walsh, A.J.), rendered March 8, 2010. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree (four counts).

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of four counts of sodomy in the first degree (Penal Law former § 130.50 [3]). Contrary to defendant's contention, the People were not required to charge the defense of infancy to the grand jury, and the grand jury proceedings therefore were not rendered defective by the failure to charge that defense (*see generally* CPL 210.20 [1] [c]; 210.35 [5]; *People v Huston*, 88 NY2d 400, 411). There is no requirement "that the [g]rand [j]ury must be charged with every potential defense suggested by the evidence" (*People v Valles*, 62 NY2d 36, 38). Rather, the People must charge "only those defenses that the evidence will reasonably support," and here the evidence did not reasonably support such a defense (*People v Coleman*, 4 AD3d 677, 678; *cf. People v Calkins*, 85 AD3d 1676, 1677). Contrary to defendant's further contention, we conclude that County Court did not abuse its discretion in denying defendant's request to file a late notice of alibi (*see generally People v Brock*, 277 AD2d 1008, 1008). Defendant's request was substantively inadequate because it failed to identify the place or places where defendant claims to have been at the time in question, and the names, the residential addresses, the places of employment and the addresses thereof of every alibi witness upon whom he intended to rely (*see* CPL 250.20 [1]). Defendant failed to preserve for our review his contention that the indictment was fatally defective because it lacked sufficient specificity to enable him to prepare a defense (*see People v Erle*, 83 AD3d 1442, 1443, *lv*

*denied* 17 NY3d 794).  In any event, defendant's contention lacks merit.  The time frame set forth in the indictment, i.e., "during the months of September or October 2001," was sufficiently specific in view of the nature of the offenses and the age of the victim at the time of the indicted acts (*see People v Roman*, 43 AD3d 1282, 1283, *lv denied* 9 NY3d 1009; *cf. People v Sedlock*, 8 NY3d 535, 540).

Defendant failed to preserve for our review his further contentions that the court violated CPL 270.15 (2) in conducting the jury selection (*see People v Davis*, 106 AD3d 1510, 1511, *lv denied* 21 NY3d 1073), and that the court erred in failing sua sponte to reopen the suppression hearing (*see People v Clark*, 28 AD3d 1231, 1232; *People v Freeman*, 253 AD2d 692, 692, *lv denied* 92 NY2d 982).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Defendant's contention that the evidence is legally insufficient to support the conviction is also not preserved for our review because defendant failed to renew his motion for a trial order of dismissal after presenting proof (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, defendant's contention, based upon the victim's alleged lack of credibility, is without merit (*see generally People v Black*, 38 AD3d 1283, 1285, *lv denied* 8 NY3d 982).  Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's further contention that he was deprived of effective assistance of counsel based on, inter alia, defense counsel's failure to challenge a prospective juror who expressed a concern that, because she had grandchildren, she might sympathize with the victim.  The prospective juror further stated without equivocation that she could follow the court's instructions to render a verdict free from sympathy to anyone (*see generally People v Noguel*, 93 AD3d 1319, 1320, *lv denied* 19 NY3d 965).  We also reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to renew the motion for a trial order of dismissal (*see People v Pytlak*, 99 AD3d 1242, 1243, *lv denied* 20 NY3d 988).  It is well settled that defense counsel cannot be deemed ineffective for failing to "make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see People v Caban*, 5 NY3d 143, 152).  Contrary to defendant's further contention, defense counsel's failure to object to the brief reference to defendant's prior incarceration did not deprive him of effective assistance of counsel (*see People v Joseph*, 68 AD3d 1534, 1537, *lv denied* 14 NY3d 889, *cert denied* ___ US ___, 131 S Ct 797).

We reject the further contention of defendant that he was deprived of his right to a fair trial by prosecutorial misconduct.  The prosecutor's description of the defense theory as a "ruse" was within the wide rhetorical bounds afforded the prosecutor (*cf. People v Walker*, ___ AD3d ___, ___ [July 11, 2014]; *see generally People v*

*Ashwal*, 39 NY2d 105, 109-110). Even assuming, arguendo, that during opening or closing statements the prosecutor's use of the phrase "little boy" or "young boy" to describe the victim was improper, we conclude that such conduct was not so egregious as to deprive defendant of a fair trial (*see People v Cordero*, 110 AD3d 1468, 1470, *lv denied* 22 NY3d 1137). Defendant contends that the prosecutor improperly suggested to the jury during summation that it was "plausible" that the victim became a sex offender later in life based on defendant's perpetration of the indicted acts. The court sustained defense counsel's objections to the prosecutor's remarks and instructed the jury to disregard them. Defendant did not thereafter request further curative instructions or move for a mistrial, and thus failed to preserve for our review his present contention that the prosecutor's conduct deprived him of a fair trial (*see* CPL 470.05 [2]; *People v Norman*, 1 AD3d 884, 884, *lv denied* 1 NY3d 599). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We likewise reject defendant's contention that he was penalized for exercising his right to a jury trial. There is no indication that the sentence imposed was the product of vindictiveness or that the court placed undue weight upon defendant's decision to reject a favorable plea bargain and proceed to trial (*see People v Smith*, 21 AD3d 1277, 1278, *lv denied* 7 NY3d 763).

Finally, defendant's sentence is not unduly harsh or severe. In reaching that conclusion, we note that, inasmuch as each of defendant's four crimes was a separate and distinct act, defendant faced the possibility of consecutive sentences aggregating 100 years, albeit reduced pursuant to Penal Law § 70.30 (*see People v Arroyo*, 93 NY2d 990, 992; *People v Cruz*, 41 AD3d 893, 897, *lv denied* 10 NY3d 933). The court properly exercised its discretion in sentencing defendant to concurrent sentences aggregating 25 years. That sentence appropriately takes into account the heinous nature of defendant's conduct (*see Cruz*, 41 AD3d at 897). As the dissent correctly notes, defendant "self-reported" the crimes. However, when he testified at trial, defendant recanted, denying that the crimes ever occurred and asserting that his inculpatory statements were fabricated by the police and that he was subjected to beatings at the police station. These claims were rejected by the jury. It is well settled that a sentencing court may consider a defendant's prior offenses—including those resulting in a youthful offender adjudication (*see People v Brunner*, 182 AD2d 1123, 1123, *lv denied* 80 NY2d 828; *People v Sapp*, 169 AD2d 659, 660, *lv denied* 77 NY2d 966). In this case, defendant had a prior youthful offender adjudication for the sexual abuse of an eight-year-old male. Although the dissent correctly observes the disparity between the plea offer and the sentence, it is well established that "[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*People v Simon*, 180 AD2d 866, 867, *lv denied* 80 NY2d 838). We also note that new facts and circumstances defendant presented to the court through his trial testimony, after the original plea offer, such

as his perjurious testimony and lack of genuine remorse, rebutted any presumption of vindictiveness arising from the imposition of the increased sentence after trial (*see People v Ocampo*, 52 AD3d 741, 742, *lv denied* 11 NY3d 792).

All concur except CENTRA and LINDLEY, JJ., who dissent in part and vote to modify in accordance with the following Memorandum:  We respectfully dissent in part.  Although we agree with the majority that defendant's conviction of four counts of sodomy in the first degree should stand, we conclude that the sentence imposed by County Court is unduly harsh and severe.  We would therefore exercise our power to modify the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), and we would modify the judgment by reducing the four concurrent terms of incarceration imposed from 25 years to 15 years, to be followed by the five-year period of postrelease supervision (PRS) imposed by the court.

Defendant committed the crimes when he was 16 years old.  If the crimes had been committed six months earlier, defendant, due to his infancy, could not have been charged criminally and would thus have faced no prison time.  Defendant self-reported his crimes to the police approximately eight years after they were committed, stating that he wanted to get something off his chest and clear his conscience.  If defendant had not gone to the police himself, he likely would never have been charged, inasmuch as the victim had not disclosed the abuse to anyone.  This may explain why, prior to indictment, the People offered defendant the opportunity to plead guilty to a reduced sex offense with a sentence promise of four months in jail and 10 years of probation.  On the eve of trial, the People offered a plea deal involving a two-year sentence.  After trial, he was sentenced to an aggregate term of imprisonment of 25 years plus five years of PRS.

We understand that a defendant who rejects a plea offer with a specific sentence promise cannot expect to receive that same sentence after trial.  We also recognize that defendant's conduct in this case was reprehensible and that he is a danger to the community if he is at large.  Nevertheless, "the considerable disparity between the sentence offered prior to trial and that ultimately imposed after trial strikes us as too extreme a penalty for defendant's exercise of his constitutional right to a jury trial" (*People v Morton*, 288 AD2d 557, 559, *lv denied* 97 NY2d 758, *cert denied* 537 US 860; *see People v Riback*, 57 AD3d 1209, 1218, *revd on other grounds* 13 NY3d 416; *see also People v Cruz*, 41 AD3d 893, 896-897, *lv denied* 10 NY3d 933).

We note that the People do not assert that the trial revealed any facts that were unknown to them when the plea offers were extended to defendant.  We also note that, although defendant's rejection of the plea offers resulted in the victim having to testify at trial, the victim was 18 years old when the last offer was extended and was himself a convicted felon serving time in state prison.  Thus, unlike in many sexual assault cases involving child victims, there was not a compelling need to shield the victim from testifying at trial.  While we are mindful that defendant deserves a lengthy sentence due to the

heinous nature of his conduct and his refusal to accept responsibility, we nevertheless conclude that concurrent determinate terms of imprisonment of 15 years plus five years of PRS is more appropriate than the 25-year concurrent sentences imposed by the court.

Entered:  July 11, 2014                    Frances E. Cafarell
                                           Clerk of the Court