Centra and Lindley, JJ.
(dissenting). We respectfully dissent in part. Although we agree with the majority that defendant’s conviction of four counts of sodomy in the first degree should stand, we conclude that the sentence imposed by County Court is unduly harsh and severe. We would therefore exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]), and we would modify the judgment by reducing the four concurrent terms of incarceration imposed from 25 years to 15 years, to be followed by the five-year period of postrelease supervision (PRS) imposed by the court.
Defendant committed the crimes when he was 16 years old. If the crimes had been committed six months earlier, defendant, due to his infancy, could not have been charged criminally and would thus have faced no prison time. Defendant self-reported his crimes to the police approximately eight years after they were committed, stating that he wanted to get something off his chest and clear his conscience. If defendant had not gone to the police himself, he likely would never have been charged, inasmuch as the victim had not disclosed the abuse to anyone. This may explain why, prior to indictment, the People offered defendant the opportunity to plead guilty to a reduced sex offense with a sentence promise of four months in jail and 10 years of probation. On the eve of trial, the People offered a plea deal involving a two-year sentence. After trial, he was sentenced to an aggregate term of imprisonment of 25 years plus five years of PRS.
We understand that a defendant who rejects a plea offer with a specific sentence promise cannot expect to receive that same *1411 sentence after trial. We also recognize that defendant’s conduct in this case was reprehensible and that he is a danger to the community if he is at large. Nevertheless, “the considerable disparity between the sentence offered prior to trial and that ultimately imposed after trial strikes us as too extreme a penalty for defendant’s exercise of his constitutional right to a jury trial” (People v Morton, 288 AD2d 557, 559 [2001], lv denied 97 NY2d 758 [2002], cert denied 537 US 860 [2002]; see People v Riback, 57 AD3d 1209, 1218 [2008], revd on other grounds 13 NY3d 416 [2009]; see also People v Cruz, 41 AD3d 893, 896-897 [2007], lv denied 10 NY3d 933 [2008]).
We note that the People do not assert that the trial revealed any facts that were unknown to them when the plea offers were extended to defendant. We also note that, although defendant’s rejection of the plea offers resulted in the victim having to testify at trial, the victim was 18 years old when the last offer was extended and was himself a convicted felon serving time in state prison. Thus, unlike in many sexual assault cases involving child victims, there was not a compelling need to shield the victim from testifying at trial. While we are mindful that defendant deserves a lengthy sentence due to the heinous nature of his conduct and his refusal to accept responsibility, we nevertheless conclude that concurrent determinate terms of imprisonment of 15 years plus five years of PRS is more appropriate than the 25-year concurrent sentences imposed by the court.
Present — Scudder, PJ., Centra, Carni, Lindley and DeJoseph, JJ.